The next case is White v. Lucero, 24-2035. Mr. Comer. Thank you, Your Honor. Good morning. I'm Mark Comer on behalf of the appellants, who are three officials with the New Mexico Department of Corrections, who are invoking a defense of qualified immunity. And I was thinking that I'm the appellant in this case because the district court denied their invocation of that defense, but really the plaintiff has the burden of overcoming that defense on both prongs. And because of that, I just request three minutes in rebuttal to respond to the plaintiff's arguments. I think that might be appropriate. As far as this particular case goes, I mean, there's quite a few complaints in the case. They're quite long. We see it kind of as boiling down to really a limited time frame that's key to the case and is lacking some allegations. I'm a little bit confused by your opening. You're saying it's plaintiff's burden to overcome qualified immunity. But you're here on appeal. And isn't it your burden to show us what the district court did wrong? I agree. I agree with that. So could you address what the district court did wrong as to the constitutional prong first? Absolutely. I think the district court interpreted the provisions too broadly. Which provisions? It interpreted the constitutional provisions too broadly and imposed a duty on the part of corrections officials to look into the basis for a judicial order. This case from its inception has asserted that the New Mexico district court lost jurisdiction at some point in the complaints, possibly even 2015 or 2016, and shouldn't have been doing anything. That Mr. White was no longer within the jurisdiction of the state at all. And yet we have all of these multiple hearings where he appears, represented by counsel. We've got appeals, habeas proceedings, and so forth. That sounds like a defense. That sounds like a defense that you would argue to a jury. I mean, it seems like you're telling us that we're bound by the allegations in the complaint. You can't re-argue those, certainly. We don't have jurisdiction to consider facts on this stage of the appeal. And it seems that you're telling us that imprisonment beyond one's terms as a result of deliberate indifference is not a constitutional violation. I've not made that argument. What I am saying is that the prison officials do not have the obligation to look behind the judicial order that they've been handed to carry out. In this case, and this is what I think is really the crux of it and why I think it is narrow, the district court in 2017 committed Mr. White to a period of incarceration for two years. That's the order that these officials were carrying out in 2018 during these brief conversations Mr. White alleges that he had with them. So what I need to understand and I think what the court needs to understand in order to state a claim in a case like this is we've got to start with, well, first of all, what's the judicial order? It's a two-year period of incarceration here. The complaint omits that, but I think it's a necessary factual allegation to state a claim as a matter of law. And what is the operative order in your view? The operative word, I mean, I think at this point I think there needed to be an allegation in the complaint saying he had been committed to a two-year period of incarceration. That's the sentence he was serving. Let's start with that as the baseline, and I think there needs to then be, if we're going to state a claim for excessive incarceration, an explanation of why the prison officials or how the prison officials or the prison departed from that two-year term. And it's totally lacking in the complaint. There's no explanation of it at all. The conversations that are related between the parties kind of are two ships kind of crossing in the night. I mean, Mr. White says, hey, I'm not supposed to be here at all. That's a jurisdictional issue, and Judge Rossman, I would say a jurisdictional question is a question of law. I mean, the court either had jurisdiction or it didn't to sentence him to this. That's something that a court decides. A jury can't decide that issue whether or not the court had jurisdiction or not. Was he challenging that detention through either a direct appeal or habeas at that point? Both. So the initial, that order, which was I think the sixth order revoking probation, which Judge Angela Jewell handed down in 2017, I think it was in December, that order got appealed, and then he later filed a habeas petition afterwards, alleging a whole lot of different things that don't really match up necessarily with the complaint either. But in the appeal, there was no jurisdictional challenge. In the habeas, was there a challenge to his detention? There was a challenge to his detention for all sorts. He was appearing, I think, pro se in that. So there was a challenge to a lot of things. But I think his position has been that he shouldn't be, at least what he told the defendants according to his complaint, I shouldn't be here. I should have served my sentence a long time ago. You should have let me out. Now, what did the defendants say? Now, this is in March of 2018. I mean, this is what the factual allegation is. We're three months into a two-year detention. I don't know what the miscalculation would be at that point. I mean, he's just barely started this term that the court has just ordered. And the discussion has been, oh, well, there were mistakes made in the past about some things. Are those the only conversations that are alleged in the complaint? That's pretty much it as to the Secretary DeFoy Lucero, that there was mistakes made in the past. And there were mistakes made in the past because there were corrections by the court in the district court over a 300-day pre-sentence confinement credit and some things like that. That's the appropriate thing here. If you're challenging the jurisdiction, or if you're coming into the court challenging, saying I shouldn't be incarcerated, or you're litigating what the sentence should be, those are legal questions. That's not what he's doing. That does not seem to me to be at all what his case is about. There are allegations in his complaint where he is challenging his over-incarceration as a result of deliberate indifference. He has pled individual allegations as to your individual clients. That's what Judge Strickland understood. And I don't see anywhere in your appellate brief where you have challenged her reasoning. Well, that's because that issue is de novo here. I've not directly challenged her reasoning because I think this court reviews this issue de novo in a qualified immunity appeal on whether or not the complaint states a claim under the Constitution, for one, and whether or not the law is clearly established. I think this complaint fails on both counts. Sticking on the constitutional for just a second longer, are there circumstances where the Constitution would be violated if corrections officials, a warden, is alerted to a wrongful or overdetention and refuses to do anything about it, investigate, or take further action? Well, I think thus far there's not an opinion saying that that I'm aware of from any court. What I am aware of are cases where the jail or the prison makes a mistake. They miscalculate something and they lengthen the sentence and don't provide due process. They don't give a hearing for it, for example. So that's the case law in these areas. But the cases have actually said something a little bit the opposite as to concerns if the court made a mistake or there was a lack of jurisdiction. And there are some cases about courts making mistakes. There's one out of the Seventh Circuit that's still going on right now. But what this court, I believe, has said is that officials carrying out a judicial order such as this have to be unhesitating in carrying out that order. They're not to look behind what happened, and they're not supposed to question it. And that makes a lot of sense. I mean, they are not the advocate for the prisoner. They're supposed to be on the side of the court in enforcing the order. Could the defendants here have released Mr. White? I don't know how they could have released Mr. White without violating the court order that they had just received. Could they have taken other actions short of release? Other actions short of release? Well, I don't know what the action would be, for one. I mean, they said they were looking into the calculations. I mean, they can look into the calculations. Other than speaking to Mr. White about that, I don't know what other action they could take. Were you involved in obtaining the 2020 discharge? I was not. And that is a curious order and a curious event, and that's all I'm going to say about it. Just along those lines, the order does mention pre-sentence confinement credits and probation credits. The complaint talks about good time figuring sheets. Are those different, or are they all the same? Well, I think they are each a little bit different. There was a pre-sentence confinement issue that was actually addressed by Judge Martinez, I think, at least a year or two before this last confinement that happened in 2017. Mr. White has argued about good time figuring sheets being miscalculated in the past. But this is my point. If there are issues with jurisdiction or the length of a sentence, the time to bring that stuff up is in the district court to get the sentence correct if there needs to be an adjustment. There was an adjustment in this case. So that's the court's obligation. Once the court reviews that, and there's multiple ways. It can be habeas. Once the court makes that judicial review and hands that down, a couple things have happened. One, it's been raised. Two, there's a due process in court, not talking to corrections officials in the rec yard. And three, we didn't have a judicial mandate, a pronouncement of what's supposed to happen and what the corrections officials are supposed to carry out. Let's assume that we disagree with you on the constitutional prong. Could you argue why you prevail under clearly established? Well, the clearly established part of it has to do with, well, let me put it this way. I think the clearly established part of this case has to do with, goes way back to the original complaint which talked about the discharge order and there was no jurisdiction. There is no case that I'm aware of from any jurisdiction that suggests jail officials have an obligation under the Constitution to review judicial orders for errors. It's just not there. It's not, the cases say the exact opposite. I mean, my struggle in part is I understand your argument that we are obligated to review this de novo, but aided by the party's arguments. And I don't see an argument in your brief, and I think your adversary pointed this out, that develops a challenge to Judge Strickland's understanding of the clearly established law. She has cited cases. She's also relied on obviousness. She gave reasons to support her conclusion. Why should we not agree that she got the answer correct? Because it doesn't comport with the cases that are cited within this circuit and that comprise the body of law on this issue. If we're talking about the cases that we have are situations where we have a sentence and then the prison lengthens it somehow without due process. Those are the cases that we have. That's not this case. Well, what about, as I understood it, the complaint is alleging that the error was made on the prison side by not giving appropriate credit to, I can't remember what it was, pre-detention, pre-conviction, pre-sentence confinement. And so I don't know. How specific is the judge's order in terms of confinement? Doesn't it adjust based on things that happen while you're incarcerated? Well, that's where I think the complaint is lacking. We have this two-year order. Right. And in the complaint, does it say that these officials or the prison failed to carry out the terms of that order in a specific way? It doesn't appear any way. It doesn't explain, well, he should have gotten out on this date, but they extended it by 30 days. That's a hallmark of all these other cases. The other point is, as far as that discharge order is concerned, the reasons that are asserted in there have nothing to do with what was going on during this two-year period when he had these brief interactions with the defendants. It doesn't have to have gone on during that two-year period. For example, if you had pre-sentence confinement credits, they would have accumulated well before these discussions. But if you weren't giving credit for them during these discussions, you are being over-detained because you should have gotten credit for them. So I don't think the fact that it happened before or after that really matters that much. To me, what's important is what power did the prison officials have in terms of his release date? And you're telling me, I'm getting the sense that you're saying the judge gives an order that says, you know, he's released on this date no minute beforehand, and that the prison officials have absolutely no ability to change that release date. And I'm not sure. I got a different impression of what the complaint was alleging. Go ahead, Nancy. I know we're beyond the time. I think what the prison has discretion is they can award good time served. That's a matter of a state statute. But nowhere does this complaint allege anything during that two-year period that he had just been incarcerated, he'd already accrued a bunch of good time in a month and a half, and then they miscalculated it during that period of time that he was interacting with these defendants. But if the complaint alleges that the prison made a mistake and miscalculated, and he alleges these people were aware of it and were deliberately indifferent to it, that would be different than the cases that you're relying on where we say you got a court order. It would be a situation where the prison actually had the power. Well, I don't know that the prison can adjust the sentence because of a perception of something that he's alleged in the past. That's where I'm struggling with this, Your Honor, is that the prison is carrying out the sentence. If there was something that affected the calculation of that sentence at the district court level, because it's something that happened long ago, that's for the district court. And there was discussion in the background of the case about those jurisdictional calculations. It was squarely before the court at the district court level way back when. That's a matter of record in the case. You're talking about state district court. I am. It's a matter of record. I mean, we ended up having to attach most of the criminal history so the court was aware of what was going on, and the fact that those things were adjudicated and talked about. The DA raised it in 2016. So I think there was due process then. Those issues were heard, and they were subsumed into the judicial orders that committed him to the incarceration in 2017. Thank you. Thank you, counsel. Good morning. May it please the Court. I'm Ryan Villa, along with Brittany Schaefer, who's joining me at council table. We represent Mr. White, the appleee. We asked the court to determine that it doesn't have jurisdiction to review Judge Strickland's order denying qualified immunity, and only if the court determines that it does have jurisdiction to then affirm Judge Strickland's decision, first on the grounds which has been discussed, which is that the appellant's waived an argument to challenge her determination about qualified immunity, and that even if there wasn't waiver, Judge Strickland got it right and determined that the complaint did plead a claim for a violation of clearly established law. Well, in Iqbal and in our case, Apota Dhaka v. Ramesh, we very clearly say that we have jurisdiction to review the sufficiency of the allegations in interlocutory appeals from denial of qualified immunity to determine whether it stated a claim. We can't review the facts in the complaint. You can't challenge the facts. But we certainly have the jurisdiction and authority to determine whether those facts, as alleged, can support a claim. Yes, that is true. How do we not have jurisdiction? Here the problem is that the question of clearly established law is dependent on resolution of facts that are essentially disputed. I mean, we're not at the summary judgment stage. So, yes, the court can look at the facts as alleged and say, do these allege a clearly established violation of law? And we submit that they do. But in this particular case, the way that it was raised by the appellees that there was no clearly established law, essentially what they're raising is a factual defense. Well, clearly established law, whether it is clearly established, it's an issue of law. Correct. But it is dependent upon the similarity between the facts of this case and the facts of those other cases. But it is a question of law. That's correct. And I think what's at the problem or at the heart of this case, this appeal, is that there's really two separate formulations of what is the issue of law. The appellants say the issue of law is you can't challenge this 2017 two-year commitment. And we say what's really at issue are what happened before that. Right? Because the decision by the judge, and it's alleged in the complaint outside of the decision by the judge, but the decision by the criminal judge was that Mr. White's sentence should have been discharged in 2016 of September. So this 2017 probation violation and commitment order should never have existed. And the reasons why we got there are the facts in dispute. Well, they did exist, and the prison officials are saying we're complying with a facially valid judicial order. And notwithstanding Mr. White's disputation of that, what ability did the officials have to disregard it? Well, I'll answer that in two ways. Yes, that's what the prison officials are saying. What Mr. White is saying is that so that was a probation violation proceeding that led to that two-year commitment. Is there any dispute about the validity of the 2017 order? In terms of what, you know, did he, was he found to violate probation and did the judge, no. That's just, that's the history here. The dispute is that he should never have been on probation anymore because his sentence should have been completely discharged in 2016. But, and so for me it's really important what your allegations are in terms of who should have corrected the fact that he should no longer have been incarcerated beyond 2016. I mean, he was incarcerated in, according to a valid court order, right, in 2016? Yeah, I mean the... Facially valid. At the time he should have been discharged, September of 2016, he was under, you know, an originally valid judgment and commitment. Okay, and so your position is that the prison officials had a constitutional obligation to go to the court and invalidate the order that was holding him in prison in 2016? Well, first the constitutional obligation was to properly implement his sentence, which would have resulted in a discharge in September 2016, and he never would have been... But it wouldn't have if he was being held by a court order that went beyond 2016. Well, the court order that held him beyond 2016 is this 2017 commitment because he's, so he's released onto probation that he never should have been on. He violates probation that he never should have been on. Was that a mistake by the prison? Yes. How? So there's not, they weren't acting pursuant to a facially valid court order when they released him subject to probation? That's right, the court order was valid, but their implementation of the court order was incorrect because they failed to, on a number of fronts, to properly implement and calculate the sentence. Whose responsibility was it to calculate the sentence? The prison officials, the Department of Corrections, and that's in state statute, which we cited those statutes to the court. So the judge imposes the original sentence, which is, you know, way back in 2006, two cases that got consolidated for a plea, and the judge imposed a couple of consecutive sentences and then some concurrent sentences. And right away the prison officials got it wrong in implementing that sentence. Which sentence runs first? Which sentence runs second? How would they know? That wasn't, wasn't that 2017 sentence on direct appeal when these conversations occurred? And I assume that Mr. White was challenging the validity of his conviction in that appeal. I mean, what power would the, would the prison officials have to do anything at that point? I mean, in 2017, during the direct appeal, I mean, I don't think they can get involved in the direct appeal. But what they can do is, once they realize, and their own paperwork, their own good time figuring sheet says he should have been discharged in September of 2016. And, in fact, there's another one that says he should have been discharged in September of 2015, is they, they're the ones that ultimately issue the certificate of discharge of the sentence. Right? That's how somebody knows I've completed my sentence, I've been discharged, they release you from prison, they give you the certificate of discharge. They could have done that at any point in time, and they should have done that statutorily, at least by September of 2016. And there's a factual allegation that they should have done that in September of 2015. Could they have done it once the two-year order went in place? Yes, I think they could have. So, despite the facially valid two-year order of incarceration, they could say, oh, we made a mistake back in 2016? There were several mistakes, yeah. And we're going to treat that order as no longer valid and release you? Correct. I think they could have. I mean, there wasn't, what was not at issue in the 2017 probation violation and on the appeal was, did they calculate his sentence correctly before 2016? What was at issue is, did he violate probation? And, you know, should he have gotten this two-year commitment for the violation of probation? There wasn't a challenge going on to the problems that happened with the calculation of his sentence. And Mr. White was aware of it, but the, you know, the public defenders that were handling his probation violation and appeal were not. It's then the subsequent habeas proceedings that ultimately culminate with a 2020 order by the district court judge saying, you know. Which habeas proceeding is this? This is that you're referring to because his December 2017 habeas was denied, right? That's correct. So there was a proceeding. And I agree the procedural posture of how we got to the 2020 order is confusing as well. And perhaps also a defense factually for the appellants. But ultimately the district court judge agreed with the district attorney and the defense attorney who was representing Mr. White at the time that his sentence should have been discharged in 2016. The only way I can interpret how the district court judge got there is through habeas power. I mean, the time limits for reconsidering a sentence that expired, the only authority the district court judge would have had left in 2020 would have been habeas authority. And that judge determined to go along with essentially what the parties had agreed to. Which was that he had been over-detained and he should have been discharged in September of 2016. And so it's important to figure out how do we get there, right? Because the original sentencing judge says, here's your sentence. But the Department of Corrections has to implement it and do it correctly. And the complaint alleges a myriad of ways in which they didn't do that. But the Department of Corrections made the mistakes on his first sentence before the violation of parole sentence. Correct. And these particular people that are being sued were not involved in that. No allegations that they were involved in miscalculating it back then. They were certainly involved in a sense of being the deputy wardens in charge of overseeing the good time figuring. But the original folks who implemented the sentence way back when and over time, because there were mistakes made over time, are not necessarily these appellants. But I think the law says if you make a mistake and you don't know about it, you have qualified immunity. What the law we're dealing with is there's a mistake, you're aware of it, and then you don't do anything about it. And it's the prison's mistake. Correct. And there's a bunch of different mistakes and I'm happy to discuss them. But generally it's a failure to give pre-sentence credit confinement. So the judge under state law says you're entitled to this much pre-sentence credit confinement and so the prison has to factor that into when your release date is going to be. There was also a failure once he got on probation and then went back because of probation violations and parole violations to credit him for time on probation because under state law you get credit. And those are different credits than the good time figuring sheet credits that are alleged in the complaint.  And the problem with the good time figuring sheets is one, I mean, to this day appellants still use paper good time figuring sheets, but the bigger problem is that there are more than one in this case and they're different. They impose the sentence differently. So like I said, one good time figuring sheet says September 2015. Another says September 2016. And part of that is because they're not in the good time figuring sheets. They're not just figuring how much good time do you get or other credits for, you know, doing things, but they're also figuring when do you start the sentence. So, for instance, one of them didn't start the second consecutive sentence, right? There was a consecutive sentence. So the first one served and then the second one should start when the first one ends. The good time figuring sheets were not consistent with one another about when that second sentence began. Is it problematic that those good time credits aren't referenced in the 2020 discharge order? No, I don't think so. I mean, if we're dealing with a collateral estoppel issue or, you know, some sort of heck be Humphrey issue, no, I think the fundamental question is did they know that he shouldn't have been there after 2016? Did these appellants know? And did they fail to take any steps to look into it, to remedy it, to try to address it? And I think it's fine to say to a jury, you know, here's why we didn't do it, because we thought this 2017 order was valid and so, you know, we're not liable. But that's the factual dispute at the heart of the case. Given the principle of law that the appellant relies on as resolving the issue here that, you know, these corrections officials didn't have a sua sponte obligation to investigate the jurisdiction of the sentencing court, they were just following the letter of the law, of the order. Why doesn't that principle of law dispose of your constitutional claim, assuming there is one? Because if we can prove that they knew there was a sentencing miscalculation, then we can prove that they knew that once he got out on 2016, he shouldn't have been on probation, he should have been discharged, and instead of having his probation violated and being recommitted, a certificate of discharge should have been issued and he should have been done with his obligation. So your position is because they knew the order, the judge's order, was invalid? I don't know whether they...  I don't know that they have to know the judge's order was erroneous. I think they just have to know that there's no basis for him to have been on probation because they miscalculated the sentence. Ergo, you can't violate probation, you can't be incarcerated for violating probation. What were they obligated to do? So they have these conversations with him and tell him, yeah, you're right, we made mistakes, and you should be out. What did they have to do from that point forward? What they could have done right then and there is issue a certificate of discharge on the sentence and it's over. Well, can they order a certificate of discharge when they have a court order that he's still serving a two-year sentence? I believe they can. I mean, there's no... Any clearly established law? Well, there's... And I see that I'm out of time. My last question was that question. What's the closest clearly established case that is applicable here? Well, there's two questions, right? What does New Mexico state law say they can do? And New Mexico state law clearly says they are the sole entity that issues a certificate of discharge of the sentence. So they can do that. The second question is, you know, on clearly established law, is there a 10th Circuit case that says when you're in this situation is the law clearly established? And there's clearly not a 10th Circuit case that what the cases are... Or a Supreme Court. Or a Supreme Court. What the cases are and what Judge Strickland found was that the weight of authority in the circuits says that if a prison official knows that somebody's over-detained, serving a sentence beyond their date, they have an obligation to investigate it and do something about it. The closest case in this circuit is the unpublished case Dyer that affirmed the grant of qualified immunity. I mean, it's not binding, but is it persuasive to this panel? I mean, it certainly can be persuasive, but what's clear in the 10th Circuit is you can have clearly established law either by a decision of this court, the Supreme Court, or the weight of authority in other circuits. And Judge Strickland clearly relied on a myriad of authority from other circuits, and that has not been challenged in any way. What's the best other circuit case? Well, in fact, I think it's probably the Sabo case, which not the issue that's gone up on bunk review, but what Sabo says is we clearly established in FIGS that if a record keeper knows they've made a mistake in the records and doesn't do anything about it, that there's no qualified immunity. And so the issue with Sabo that's gone up on appeal or gone up on bunk is these were two officials that didn't know about Mr. Sabo himself. Their job was we review all the judgments, and if we see a mistake by the trial court, we alert them and we correct it. And I think that's the question that on bunk is saying, well, is that clearly established? But there was no real challenge in Sabo's sites to the FIGS case, which is I believe a 2016 7th Circuit case that said in 2011 we clearly established that when a record keeper knows there's a problem with the records. And that's what we have here. We have a serious problem with the records, the good time figuring sheets. Thank you, counsel. Your time's expired. Case is submitted.